506 F.2d 735
 8 Empl. Prac. Dec. P 9854
 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, James D. Hodgson
and United States of America
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al.
Appeal of COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, in
Nos. 74-1321 and 74-1323.
Appeal of AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al. in
Nos. 74-1322 and 74-1324.
 Nos. 74-1321 to 74-1324.
 United States Court of Appeals, Third Circuit.
 Argued Nov. 18, 1974.
Decided Dec. 19, 1974.
 
 Richard H. Markowitz, Markowitz & Kirschner, Philadelphia, Pa., for Communications Workers of America appellant in Nos. 74-1321 and 74-1323.
 Thompson Powers, Steptoe & Johnson, Washington, D.C., for American Telephone and Telegraph Company and others, appellees in Nos. 74-1321 and 74-1323 and appellants in Nos. 74-1322 and 74-1324.
 Richard S. Cohen, Washington, D.C., for Equal Employment Opportunity Commission, appellee.
 Appeals from the United States District Court for the Eastern District of Pennsylvania (District Court Civil Action No. 73-149).
 Before MARIS, GIBBONS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 On January 18, 1973 the Equal Employment Opportunity Commission (herein referred to as EEOC), James D. Hodgson, as the federal Secretary of Labor, and the United States of America filed a complaint in the District Court for the Eastern District of Pennsylvania charging the American Telephone and Telegraph Company and 24 of its affiliated operating companies (herein collectively referred to as AT&T) with violation of section 15(a)(2) of the Fair Labor Standards Act (Count 1), of Title VII of the Civil Rights Act of 1964 as amended (Count 2), and of Executive Order 11246 promulgated pursuant to the Civil Rights Act of 1964 (Count 3). On the same day an answer was filed by AT& T. Later on the same day the district court entered a decree which was approved and consented to by the three plaintiffs and by the American Telephone and Telegraph Company 'for itself and on behalf of its associated telephone companies'. The consent decree embodied, amplified, clarified and enforced a memorandum of agreement which had been entered into on the same date between AT&T, EEOC and the United States Department of Labor under which AT&T undertook to implement the model affirmative action program, upgrading and transfer plan, and job briefs and qualifications which were attached thereto as exhibits, for the purpose of promoting equal employment opportunities to minorities and women.
 
 
 2
 On February 9, 1973 the Communications Workers of America, AFL-CIO (herein referred to as CWA) filed a motion to intervene in the action. CWA asserted that it was the recognized bargaining agent for approximately 600,000 of the non-management employees of AT&T, that it had collective bargaining agreements with all the defendant companies, except Southern New England Telephone Company, Bell Telephone Company of Pennsylvania and Diamond State Telephone Company, and that the memorandum of agreement and consent decree contradicted certain provisions of certain of CWA's collective bargaining agreements and were inconsistent with, or could be interpreted in a fashion contrary to, them. Asserting that as collective bargaining representative of the employees of AT&T, it had filed complaints against AT&T alleging violations of Title VII of the Civil Rights Act of 1964, and that it had never been given an opportunity to be a party to this action or to participate in the negotiations leading to the memorandum of agreement and consent decree, CWA sought to intervene as a party plaintiff in the action and to file a complaint therein under clause (1) of Rule 24(a) of the Federal Rules of Civil Procedure as a matter of statutory right or under paragraph (2) of that rule because the disposition of the action will, as a practical matter, impair its ability to protect its interests.
 
 
 3
 The plaintiffs opposed the intervention of CWA as a party plaintiff under Rule 24(a). Clause (1) of that rule is applicable when a statute of the United States confers an unconditional right to intervene. With respect to intervention under this clause of the rule the plaintiffs urged (1) that the Fair Labor Standards Act does not give the right to intervene in an action by the Secretary of Labor instituted pursuant to section 17 of that Act, (2) that CWA is not a person aggrieved within the meaning of section 706(f) of Title VII of the Civil Rights Act of 1964 as amended and, therefore, does not have the right to intervene under that section, and (3) that CWA can have no statutory right to intervene under the regulations issued under Executive Order 11246, since that order is not a statute of the United States. Clause (2) of Rule 24(a) is applicable when the proposed intervenor claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest. With respect to intervention under clause (2) of the rule, the plaintiffs urged that CWA has no interest relating to the property or transaction which is the subject matter of the consent decree and that even if it had such an interest the disposition of the action cannot as a practical matter impair or impede its ability to protect its interest, citing a provision of the decree that nothing therein is intended to restrict the right of AT&T and the collective bargaining representatives of their employees to negotiate alternatives to the provisions of the decree which would be in compliance with federal law.
 
 
 4
 The plaintiffs also asserted that since CWA in its proposed complaint as intervenor opposes the changes made by the consent decree in its collective bargaining agreements with AT&T it is not seeking to join the plaintiffs in claiming the relief sought by their complaint, but is in fact opposing that relief and is, therefore, in the position of a defendant rather than a plaintiff. The fact that CWA did, as it alleges, file certain actions before EEOC on behalf of women employees regarding employment practices relating to pregnancy and childbirth does not make CWA a person aggrieved with respect to the present action, say the plaintiffs, since the present complaint and consent decree do not deal with those practices. The plaintiffs conceded, however, that because the consent decree and memorandum of agreement do modify some of the provisions of CWA's collective bargaining agreements with AT&T and because CWA has a legitimate interest in the questions of what the federal law and the consent decree require, it might be appropriate to permit CWA to intervene as a party defendant, and they interposed no objection to such intervention. AT&T, on the other hand, opposed CWA's application for intervention in toto.
 
 
 5
 Affidavits were submitted to the district court by CWA and by the plaintiffs and AT&T setting out the pertinent facts with respect to certain proceedings which had been prosecuted before the Federal Communications Commission by EEOC against AT&T with respect to alleged unlawful and discriminatory employment practices of AT&T with regard to women, blacks, Spanish-surnamed Americans and other minorities, and which were ultimately terminated by the memorandum of agreement between the parties of January 18, 1973 and the consent decree of the same date.
 
 
 6
 The district court held a full hearing on the application of CWA for leave to intervene. In a comprehensive and well-reasoned opinion by Judge Higginbotham, 365 F.Supp. 1105, the court described the course of the agency proceedings disclosed by the affidavits which led to the memorandum of agreement and fully discussed all the issues raised by the parties. Although holding, we think rightly, that the application for intervention was not untimely, the court concluded that CWA was not entitled under either clause of Rule 24(a) to intervene as a party plaintiff and to file a complaint in the action except with respect to maternity benefits for pregnant females as to which CWA had previously filed complaints with EEOC. Accordingly, by an order entered October 5, 1973, the court denied CWA's motion except to the extent indicated. CWA then filed an amended complaint limited to the issue of maternity benefits and a motion to reconsider the denial of its motion to intervene generally as a party plaintiff. CWA also asked the court to enter a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. On March 12, 1974 the district court entered what was termed a final judgment under Rule 54(b) denying CWA's motion to reconsider and enlarge the scope of its intervention, and also denying a motion which AT&T had made to dismiss the amended complaint which CWA had filed pursuant to the original order of the court. From the order of October 5, 1973 and the final order on reconsideration of March 12, 1974, denying its motion to intervene generally, CWA took separate appeals (Nos. 74-1321 and 74-1323, respectively). AT&T took cross appeals from those portions of the same orders which granted CWA a limited right of intervention and denied AT&T's motion to dismiss CWA's amended complaints (Nos. 74-1322 and 74-1324, respectively).
 
 
 7
 For the reasons which will be elaborated we think that the district court did not err in denying CWA the right to intervene generally as a party plaintiff in this action. We conclude, however, that CWA should be accorded, if it so requests, the right to intervene as a party defendant to protect its interest in its collective bargaining agreements with AT&T by seeking modification by the district court of those provisions of the consent decree which affect those agreements.
 
 
 8
 We consider first the claim of CWA to intervene under clause (1) of Rule 24(a). That clause deals with the situation 'when a statute of the United States confers an unconditional right to intervene'. CWA claims such an unconditional statutory right here. The district court held that the Fair Labor Standards Act does not confer such a right of intervention in an action brought, as was Count 1 of the complaint in this case, by the Secretary of Labor under section 17 of that Act. That ruling is not here contested by CWA. The court also held that no statutory right to intervene could be conferred by the regulations issued under Executive Order 11246 upon which CWA relied, since that order was not a 'statute of the United States' within the scope of Rule 24(a)(1). We think that the district court did not err in so ruling. While it is true that we have held that the regulations issued under Executive Order 11246 have the force and effect of law, Contractors Association of Eastern Pennsylvania v. Secretary of Labor, 3 Cir. 1971, 442 F.2d 159, 175, it is quite a different thing to say that the Executive Order and regulations are themselves statutes. This we cannot do.
 
 
 9
 Section 706(f)(1) of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. 2000e-5(f)(1), which authorizes the Equal Employment Opportunity Commission to bring an action, such as Count 2 of the plaintiffs' complaint, to remedy unlawful employment practices, specifically provides that the 'person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision'. Since the section expressly restricts suits by the Commission to those against respondents who are not 'a government, governmental agency, or political subdivision', and assigns the bringing of suits against the latter solely to the Attorney General, it seems clear that the limiting clause 'in a case involving a government, governmental agency, or political subdivision' which appears in the statutory grant of the right of intervention applies only to suits by the Attorney General and not to suits by the Commission. However, the limiting provision that one seeking intervention must be 'aggrieved' clearly does apply to both types of suit and is applicable here.
 
 
 10
 The district court held that the aggrievement which a prospective intervenor must show in order to secure the right to intervene under 706(f)(1) must relate back to the grievances with respect to unlawful employment practices which have been alleged in charges previously filed with the Commission and to remedy which the suit has been brought by the Commission. We agree that the statutory language must be so read. We held in Hackett v. McGuire Brothers, Inc., 3 Cir. 1971, 445 F.2d 442, that an 'aggrieved' person is any person aggrieved by any of the practices forbidden by the statute. Whether intervention must nonetheless be denied to one making such a showing unless he himself has actually filed a charge of unlawful employment practices with the Commission we need not determine. But compare Hackett v. McGuire Brothers, Inc., supra, p. 445. We are satisfied that in any case the statutory term 'aggrieved' is not intended to encompass the aggrievement which one may feel by reason of the adverse effect upon his existing contractual rights and practices which a decree granting the relief sought by the Commission's suit may have. Here the only grievance of the former kind which CWA asserts involves the charges which it had previously filed with the Commission regarding AT&T's employment practices with respect to maternity leave. As to these grievances the district court has granted it leave to intervene as a party plaintiff and it has filed an amended complaint limited to those grievances. AT&T oppose this action, asserting that the issues relating to maternity-leave practices were not raised by the plaintiffs' complaint and are not involved in the suit, and they have sought by their cross appeals to have us review the action. However, since these appeals must be dismissed for want of jurisdiction, as we shall later point out, we do not reach this question. We merely hold that the district court to the extent that it denied CWA the right to intervene as a plaintiff under 706(f)(1) acted properly upon a correct reading of the extent and limits of the right of intervention given by that section of the statute.
 
 
 11
 We need only add at this point that the claim of CWA to be 'aggrieved' by the unlawful employment practices to which the suit is directed because many of the minority employees and women alleged to have been unlawfully discriminated against are its members is without merit. CWA urges that it should be permitted to intervene in their interest as representative of them as a class. We cannot agree. For not only did CWA make no such claim in the original complaint which it tendered in intervention but its position as bargaining representative of all its members, both those aggrieved and the equally large, if not larger, number of those who are not adversely affected by, and indeed may to some degree benefit from, the alleged unlawful employment practices, clearly disqualifies it from acting in this action as a class representative on behalf of the former group. CWA v. New York Telephone Co. & Empire City Subway Co., S.D.N.Y.1974, 8 F.E.P. 509.
 
 
 12
 We turn, then, to the question whether the district court erred in denying CWA the right to intervene under clause (2) of Rule 24(a). Putting to one side the complaint of CWA as to maternity benefits, as to which complaint it was permitted by the district court to intervene as a party plaintiff and to which subject alone its amended complaint in intervention is directed, it is perfectly clear from the record that CWA's position is not that of a complainant against AT&T's alleged discriminatory employment practices with respect to women and minority groups, to the elimination of which the complaint and the consent decree are directed. On the contrary, it is that of a defendant opposing modifications in its collective bargaining agreements with AT&T which the consent decree entered by the court has made in favor of those groups. Although repeatedly invited to join in the negotiations which led to the memorandum of agreement and consent decree, CWA consistently declined to do so, participating only very peripherally. Moreover, although stating that it was applying for intervention as a party plaintiff, the relief which it sought was an injunction restraining AT&T 'from unilaterally implementing practices which are contrary to the provisions of their respective collective bargaining agreements' with AT&T and specifically 'from implementing the Memorandum of Agreement of January 18, 1973' with AT&T 'in any way which would change the practices and procedures in effect under the existing collective bargaining agreements' with AT&T. It was, of course, this memorandum of agreement of January 18, 1973 which it was the purpose of the consent decree entered by the district court to enforce. CWA's original complaint, moreover, asked that the consent decree be suspended until CWA and AT&T 'have either reached agreement on issues affecting wages, hours and conditions of employment, or the said issues have been determined by the Court after full opportunity to be heard by all interested parties'.
 
 
 13
 Nothing can be clearer than that the position thus taken by CWA is one in defense of its existing collective bargaining agreements and in opposition to the changes made in them without its consent by the memorandum of agreement of January 18, 1973 and the consent decree which approved and enforced that agreement. This is the position of one who is opposing the relief which is sought in the present action and which has been granted by the consent decree and who desires to defend his existing rights against impairment by that decree. It is the very antithesis of the position which would be taken by a plaintiff who desired to assert and enforce the rights of the minorities which the present action seeks to enforce through the modification of existing employment practices many of which are embodied in the collective bargaining agreements between AT&T and CWA. It necessarily follows that CWA is not entitled to intervene generally as a party plaintiff. The district court, therefore, did not err in denying CWA this right. By the same token, however, we think that CWA should be permitted, if it so desires, to intervene under Rule 24(a)(2) as a party defendant. Clearly CWA has an interest in the provisions of its collective bargaining agreements with AT&T which may well be modified or invalidated by the memorandum of agreement and consent decree of January 18, 1973 made in its absence and, equally clearly, its continuing ability to protect and enforce those contract provisions will be impaired or impeded by the consent decree. It is, therefore, entitled to seek their lawful modification by intervention as a party defendant in the action, if it so desires.
 
 
 14
 But little need be said with respect to the cross appeals taken by AT& T from the action of the district court in allowing CWA to intervene as a party plaintiff in support of its demands for improved maternity-leave benefits and its refusal to dismiss CWA's amended complaint in support of those demands. The portions of the orders which dealt with those matters and which are the subject of these appeals were inherently interlocutory since they did not terminate any phase of the litigation. Ionian Shipping Co. v. British Law Insurance Co., 2 Cir. 1970, 426 F.2d 186. They were not the sort of orders, such, for example, as orders terminating a suit as to one or more but less than all the defendants or as to one or more but less than all the claims for relief, which may be rendered appealably final by the inclusion by the district court in its order of an appropriate rubric under Rule 54(b) of the Federal Rules of Civil Procedure. See Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297. The cross appeals must accordingly be dismissed for want of jurisdiction.
 
 
 15
 The appeals of American Telephone and Telegraph Company and associated companies (Nos. 74-1322 and 74-1324) will be dismissed. On consideration of the appeals of Communications Workers of America, AFL-CIO (Nos. 74-1321 and 74-1323) the orders of the district court entered October 5, 1973 and March 12, 1974 will be affirmed, with leave to the appellant, within a reasonable time to be fixed by the district court, to apply, if it so desires, for leave to intervene as a party defendant, limited to the issues raised and relief sought by the plaintiffs' complaint and the rpovisions of the consent decree.