**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**BOARD OF PUBLIC EDUCATION, SCHOOL DISTRICT OF PITTS-BURGH, Defendant.**

Civ. A. No. 76–239.

United States District Court, W. D. Pennsylvania.

Aug. 25, 1976.

Marshall Harris, Regional Solicitor, U. S. Dept. of Labor, Philadelphia, Pa., Blair Griffith, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Howard A. Specter, Pittsburgh, Pa., for intervenor.

Walter P. DeForest, Justin M. Johnson, Pittsburgh, Pa., for School District of Pittsburgh.

OPINION

WEBER, District Judge.

On February 23, 1976, the Secretary of Labor filed a complaint in this court against the Pittsburgh School District asserting a cause of action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 217. The action concerns the equal pay provisions of the Act. Contemporaneously with the fil-

---

ing of the complaint a Consent Judgment signed by the counsel for the parties was presented to the court and approved and signed. Later all employees were notified by mail of the amount of back wages to which they were entitled under the Consent Judgment and were asked to return these forms to facilitate distribution of the funds. One of the parties to whom such notice was mailed is the proposed Intervenor.

Some four and one-half months later a petition was filed on behalf of one of those parties asking for leave to intervene in the litigation. The ground asserted in the petition for leave to intervene was the inadequacy of the award to the Intervenor.

Both plaintiff and defendant oppose the motion to intervene on the grounds that the statute terminates the right of any employee to bring an action upon the filing of a complaint by the Secretary of Labor.

Section 17 of the Act (29 U.S.C. § 217) grants to the United States District Courts jurisdiction to restrain violations of the Act and restrain the withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under the Act.

Section 16(b) and Section 16(c) provides for enforcement of the Act by civil actions. Section 16(b) provides in its pertinent parts as follows:

Action to recover such liability may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought . . . The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 17 in which restraint is sought of any further delay in the payment of unpaid minimum

wages, or the amount of unpaid overtime compensation, as the case may be . .

Section 16(c) provides in pertinent part:

The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee . . . The Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation . . . . The right provided by subsection (b) to bring an action by or on behalf of any employee and of any employee to become a party plaintiff to any such action shall terminate upon the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation . . .

Despite the apparently clear mandate of the statute the proposed Intervenor argues that the express terms of the statute or any judicial construction thereof do not preclude intervention either as a right under Fed.R. Civ.P. 24(a) or permissive intervention under Fed.R.Civ.P. 24(b). The Intervenor argues that the proper interpretation of the Act is that once the Secretary has filed his complaint, an employee is expressly proscribed from intervening in a prior or private suit.

We cannot accept this argument against the plain language of the statute. Both Section 16(b) and Section 16(c) recite that the right to bring an action by or on behalf of any employee and of any employee to become a party plaintiff to any such action shall terminate. The plain meaning of this language is that the employee cannot become a party in any capacity, including that of an intervenor, once the Secretary has filed suit. The Intervenor's brief cites the Conference Report accompanying the 1961 Amendments which added this provision in support of a right of intervention by quoting the following:

The bringing of an action by the Secretary seeking such relief with respect to

such compensation owing to any employee would, after filing of the complaint in the Secretary's action, preclude such employee from becoming a party plaintiff in a private action to recover the amounts due and an additional equal amount as liquidated damages. Conference Report No. 327, 2 U.S.Code Cong. & Admin. News, 87 Cong., 1st Session, 1961, pp. 1713–1714.

It is argued that this prohibition would only apply to private actions but would not apply to intervention in the Secretary's action. However, intervention in the Secretary's action to establish a right conferred by the Act could only be accomplished by the Intervenor becoming a party plaintiff which is clearly proscribed by the language of the Act, "and the right of any employee to become a party plaintiff to any such action, shall terminate . . . ."

The same legislative history is cited to support the Intervenor's argument that the intention of Congress was to avoid a multiplicity of suits once the Secretary had asserted the collective claims.

> This would then relieve the courts and employers of the burden of litigating a multiplicity of suits based on the same violations of the act by an employer. Senate Report No. 1452, U.S.Code Cong. & Admin.News, 87th Cong., 1st Session, 1961, pp. 1658–1659.

However, we find that the attempt of an individual employee to intervene in the Secretary's suit to establish her right to damages different from those allocated to her in the Secretary's consent order would effect the very result which Congress sought to avoid. If this individual employee's discontent with the settlement gives a basis for intervention then every other employee covered by the settlement would have a similar right and each would be attempting to enforce this right as an intervening plaintiff, a situation clearly proscribed by the statute.

One case involving the identical statute has been found in which such intervention was denied. *EEOC v. A.T. & T.*, 365 F.Supp. 1105 [E.D.Pa.1973]. There a combined action by the Equal Employment Opportunities Commission and the Secretary of Labor sought to enforce rights under both the Fair Labor Standards Act, 29 U.S.C. § 217, and the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. § 2000e–5(f)(1). The attempted intervenor in that case was a labor union. The court found that under Section 16(b), a labor union was not permitted to bring a representative action on behalf of all the union members and employees for recovery of back wages because the statute gave the right to bring the action only to the individual employees in Section 16(b) or to the Secretary of Labor in Section 16(c), and Section 17. Individual employees were encouraged to bring their own suits by the provisions in Section 16(b) for an award of liquidated damages in addition to the unpaid minimum wages, whereas under Section 16(c) providing for suit by the Secretary no such provision for liquidated damages was contained. Thus only employees and the Secretary of Labor are authorized to commence legal actions under this statute. In sum, only the Secretary of Labor is authorized to bring actions under Section 16(c) and Section 17; the right of individuals to bring an action under Section 16(b) is terminated upon the commencement of an action by the Secretary of Labor, and that terminates the right to become a party plaintiff to such action by way of intervention in the Secretary's suit. While it is noted that *EEOC v. A.T. & T.*, was affirmed on other grounds, 506 F.2d 735, [3rd Cir. 1974], because the district court had allowed limited intervention in the Title VII cause of action alleged, and this was the only grounds alleged on appeal, the Court of Appeals did indicate its agreement with the denial of intervention in the equal pay cause of action:

> For the reasons which will be elaborated we think that the district court did not err in denying CWA the right to intervene generally as a party plaintiff in this action . . .

> \*  \*  \*  \*  \*  \*

The district court held that the Fair Labor Standards Act does not confer such a right of intervention in an action brought, as was Count 1 of the complaint in this case, by the Secretary of Labor under section 17 of that Act. That ruling is not here contested by the CWA. 506 F.2d at p. 739.

Intervenor places considerable reliance on *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 [1972]. In *Trbovich*, the Supreme Court allowed intervention by a union member in a suit brought by the Secretary of Labor to set aside a union election pursuant to the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 482(b). The LMRDA provides that upon complaint of a union member who has exhausted any remedies available to him through his union the Secretary may bring an action to set aside a union election. With respect to an election already conducted, this remedy is "exclusive." LMRDA § 403, 29 U.S.C.A. § 483. Nevertheless, the Supreme Court held that nothing in the LMRDA barred intervention by a union member who had previously filed the complaint with the Secretary and that intervention would be permitted limited to the claims of illegality presented by the Secretary's complaint.

We hold that *Trbovich* is distinguishable from the case at bar for several reasons. First, we are here dealing with a completely different statute that unlike the statute in *Trbovich* explicitly limits the right of individual grievants to intercede once the Secretary has filed suit. While the statute in *Trbovich* made the Secretary's suit the "exclusive" remedy, it was in fact silent as to whether individuals could join the suit and be heard. In the present case the statute explicitly limits the right of intervention.

Secondly, the scope of intervention permitted in *Trbovich* was considerably narrower than what is sought here. *Trbovich* limited intervention to the claims of

illegality presented in the Secretary's complaint and did not permit the intervenor to raise two additional grounds which the Supreme Court presumed the Secretary had determined to be without merit. In the case at bar intervention would completely disrupt the status of the proceedings. Although intervenor purports to limit her role to fashioning an appropriate remedy,[1] it is obvious that her attempt to vitiate the consent judgment entered by the parties would, if successful, result in reopening all the legal and factual questions involved in this suit. A consent judgment cannot be amended or modified without the consent of the parties. *United States v. Armour & Co.*, 402 U.S. 673, 682, 91 S.Ct. 1752, 29 L.Ed.2d 256 [1971].

The district court in *EEOC v. A.T. & T.* cit. supra, distinguished the *Trbovich* holding, stating that under Section 17 of FLSA, there do not exist the same dual interest:

First, with regard to intervention in a suit commenced by the Secretary of Labor under Section 17 of FLSA, there exist no dual interests as were present in *Trbovich*. A Section 17 action, as heretofore noted, was brought to vindicate a public interest and to effect the elimination of unfair labor practices and conditions. Moreover, the approach under Section 17 complemented the coordinate methods existing under Section 16(b) and (c). While Section 17 litigation would oust jurisdiction from all other persons, there is neither any further relief which could be obtained by the intervening parties (maybe with the exception of securing liquidated damages) nor any additional representation which could be provided. And certainly, the union cannot be contending it has the right to resist or oppose a court's compelling AT&T to comply with the Equal Pay Act. The rights secured and guaranteed to employees by 29 U.S.C. § 206(d) cannot be collectively bargained away. 29 U.S.C. § 206(d)(2);

---

1. Intervenor has failed to submit with her motion a pleading setting forth her claim for which intervention is sought, as required by Rule 24(c), F.R.Civ.P. Although the court has chosen to ignore this technical objection in order to reach the merits of this claim, some uncertainty as to intervenor's precise role in this litigation has been created.

*Hodgson v. Sagner, Inc.*, 326 F.Supp. 371 (D.Md.1971), aff'd sub nom., *Hodgson v. Baltimore Reg. Joint Bd.*, 462 F.2d 180 [4th Cir. 1972] (per curiam).

While we have disposed of the matter under the statute, we might add our conclusion that even if we were to conclude that the applicant had standing to assert a claim, we would have to deny the application under Fed.R.Civ.P. 24 because it is untimely. Final judgment was entered four and one-half months ago and two-thirds of the funds have been disbursed. We would again have to determine whether applicant has a legally cognizable claim which we cannot do without her having submitted a separate pleading as required by Rule 24(c), which she failed to do. Lastly, applicant has failed to establish that the Secretary of Labor is an inadequate representative. The timeliness requirement applies whether intervention is claimed of right under Fed.R.Civ.P. 24(a) or permissive under Fed.R.Civ.P. 24(b).

### ORDER

AND NOW, August 25, 1976, it is ORDERED that the application of Catherine Keeley to intervene in the above action is DENIED.

It is further ORDERED that no waiver of any rights claimed by Catherine Keeley in the within application to intervene shall be effected by her applying for or cashing the check for the funds made payable to her by the Order in the case during the period allowed for appeal from this Order.