TELEPHONE WORKERS UNION OF NEW JERSEY, LOCAL 827, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, and Bertha Biel, Appellants,

v.

NEW JERSEY BELL TELEPHONE COMPANY and Equal Employment Opportunity Commission, F. Ray Marshall, Secretary of Labor, and the United States of America (Defendants-Intervenors).

No. 77–2588.

United States Court of Appeals, Third Circuit.

Argued Sept. 5, 1978.
Decided Sept. 29, 1978.

Abraham Weiner, Paul M. Levinson, Meyer, Weiner & Levinson, New York City, for appellants.

Carin Ann Clauss, Sol. of Labor, Louis G. Ferrand, Jr., Counsel for Civil Rights, Sandy Webb, Atty., Dept. of Labor, Washington, D. C., Drew S. Days, III, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Asst. Gen. Counsel, James P. Scanlan, Atty., Equal Employment Opportunity Commission, Washington, D. C., for defendants-intervenors.

Thomas E. Walsh, Jr., James F. Brady, Newark, N. J., for defendant, New Jersey Bell Telephone Co.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

■ Telephone Workers Union of New Jersey, Local 827, International Brotherhood of Electrical Workers, AFL–CIO (the Union) and Bertha Biel (the employee) appeal from a final judgment in favor of New Jersey Bell Telephone Company (the Company) and Equal Employment Opportunity Commission, F. Ray Marshall, Secretary of Labor, and the United States of America (collectively the intervenors) in an action brought to enforce an arbitration award in favor of the employee. The action was brought pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. Since the employee grievance arose because of the Company's compliance with the Title VII consent decree with which this court dealt in *EEOC v. American Tel. & Tel. Co.*, 556 F.2d 167 (3d Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 3145, 57 L.Ed.2d 1161 (1978), the intervenors moved to intervene as parties defendant in order to uphold the primacy of that decree. The district court held that the arbitrators' award was inconsistent with the mandatory provisions of the consent decree, and that the latter controlled. We affirm.

## I

The material facts are not in dispute. The employee, a female records clerk, on March 29, 1973 applied for promotion to the position of operations clerk, a higher-paid job, when it became available. In January of 1973, however, the Company had conducted a work force analysis, required by the terms of the Title VII decree, and determined that males were under-utilized in clerical positions. Under the decree, the position of operations clerk falls into job class 11, a clerical job title which had traditionally been filled by females. The decree required the establishment of male hiring goals for this job class. In October 1973 the Company had one job class 11 opening to be filled for the remainder of the year. It had not met its intermediate goals for that year since no males had sought the opening. Accordingly, it filled this last opening for the year by hiring a male not previously employed by the Company. The Union thereupon grieved on behalf of the female employee the denial of promotion to her.

The grievance procedure failed to resolve the dispute, and it went to arbitration pursuant to the terms of the Collective Bargaining Agreement. A majority of the Board of Arbitrators sustained the grievance, ordering promotion and back pay, on the ground that the Company acted "arbitrarily" in applying the standard of color and sex (white male) rather than the promotion criteria in Article XVII of the Collective Bargaining Agreement. Thus the Board of Arbitrators effectively held that the provisions of the Collective Bargaining Agreement controlled despite the seniority override provisions of the Title VII decree. The Company notified the Union that it would not comply, and this action for specific performance of the award commenced.

## II

■ The district court did not reach the merits of the Board of Arbitrators' interpretation of the Collective Bargaining Agreement. It turned, first, to the judg-

ment preclusion effect of the Consent Decree. This was the proper course. When a federal court is presented with the contention that a prior federal judgment determined issues now sought to be relitigated in an arbitral forum it must first determine the effect of the judgment. This is so whether the question arises in an action to compel arbitration, *Clemens v. Central Railroad Company of New Jersey,* 399 F.2d 825 (3d Cir. 1968), *cert. denied,* 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969), or, as here, in an action to enforce a disputed award. The federal policy favoring forum selection clauses, based in part on the institutional interest of federal courts in avoiding litigation, does not come into play until the court first determines whether prior completed litigation has already finally determined all issues.

The district court held that the Union, as a party to the litigation which challenged the Consent Decree, was collaterally estopped by the judgment affirmed in *EEOC v. American Tel. & Tel. Co., supra,* from relitigating the validity of the seniority override provisions of that decree in any forum, including an arbitration tribunal. The court further held that the employee, whose interests the Union represented in the prior litigation, was also collaterally estopped from challenging these provisions. The Court observed that resort to the arbitration tribunal was a collateral attack upon the decree, that the suit for enforcement was equally so, and that the sole remedy available to the employee was to seek relief from the decree in the Eastern District of Pennsylvania, which retains jurisdiction in the Title VII case until January 18, 1979.[1]

### III

Appellants contend that even if the Union, as a party to the litigation challenging the decree, is barred by the previous judgment from relitigating the validity of

the seniority override, the employee was not formally a party, and is therefore not bound by that judgment. She, they contend, should be free to relitigate the issues finally settled in *E.E.O.C. v. American Tel. & Tel. Co., supra.* The district court properly rejected this contention.

We recently had occasion to explore the circumstances in which a class action judgment will be given judgment preclusion effect against affected class members not formally joined as parties by service of process. In *Bolden v. Pennsylvania State Police,* 578 F.2d 912 (3d Cir. 1978), we held that since the Fraternal Order of Police, a collective bargaining representative of state police employees, had been an active participant in formulating a consent decree, its status as a party foreclosed certain of its members from challenging the minority promotion provisions of the decree as those provisions affected promotional seniority. *Bolden* involved, as does this case, a class action maintainable under Rule 23(b)(1) and (2). Thus the notice provisions of Rule 23(c)(2) are in both cases inapplicable. We held that since the interests of the Union, and of its non-minority members were not antagonistic, it was an adequate class representative for them, and they were bound by the judgment. We observed:

> In *Equal Employment Opportunity Commission v. American Tel. & Tel. Co.,* 506 F.2d 735 (3 Cir. 1974), this court held that a labor organization could properly intervene to protect the interests of members who might be adversely affected by the proposed provisions of a consent decree. Necessarily implicit in that holding were the principles that a labor organization is an adequate representative of the interests of the majority of its members; that its participation satisfies the due process requirements of *Hansberry v. Lee* [311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940)]; and that insofar as its interests are not antagonistic to those of the majority of its members, the members are bound by the judgment.

---

1. There was no motion in the district court for relief from the Eastern District of Pennsylvania judgment. Thus we have no occasion to consider whether any court other than the Eastern

District of Pennsylvania could properly consider an application for relief from judgment pursuant to Fed.R.Civ.P. 60(b).

578 F.2d at 918. The reference in *Bolden* to intervention in the *American Tel. & Tel.* case is a reference to the present union's intervention to challenge the consent decree which the district court found controlling. Nothing has been brought to our attention suggesting the need to reconsider what we said in *Bolden* about the adequacy of that union's representation of its members. Far from having an interest antagonistic to that of the employee appellant, it made the same contentions in its challenge to the consent decree which she now makes. Moreover, the vigor with which those contentions were advanced belies any suggestion that the union was an ineffective advocate on her behalf. She, as well as it, therefore, is effectively bound by the prior judgment.

The judgment of the district court will be affirmed.