**Ray MARSHALL, Secretary of Labor, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant,**

**Emanuel T. Evans et al., Marion Chastain et al., National Association of Letter Carriers et al., Applicants for Intervention.**

Civ. A. No. 78–0602.

United States District Court, District of Columbia.

June 27, 1979.

Carin Ann Clauss, U. S. Dept. of Labor, Washington, D. C., for plaintiff.

Peter G. Nash, Vedder, Price, Kaufman, Kammholz & Day, Washington, D. C., Daniel M. Katz, Connerton, Schulman & Bernstein, Washington, D. C., Joel S. Trosch, Stephen E. Alpern, Associate Gen. Counsel, U. S. Postal Service, Washington, D. C., Donald J. Capuano, O'Donoghue & O'Donoghue, Washington, D. C., Bruce H. Simon, Cohen, Weiss & Simon, New York City, Mozart G. Ratner, Washington, D. C., Gerald M. Feder, Donald M. Murtha & Associates, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Presently before the Court are three motions to intervene in this suit, an action by the Secretary of Labor under the Fair Labor Standards Act. (29 U.S.C. § 201 et seq.). The Secretary seeks, under Section 16(c) of the Act (29 U.S.C. § 216(c)), to recover for employees of Defendant unpaid minimum wages and overtime compensation together with an equal amount of liquidated damages and, under Section 17 (29

U.S.C. § 217), to restrain Defendant from violating certain of the Act's substantive provisions. One group of movants, the Evans intervenors, seek intervention to obtain the benefit of a settlement in an earlier private action (the *Elia* settlement). Under that settlement, some of the same alleged violations, dealing principally with scheme study and travel time, were submitted to the Secretary for binding arbitration. The Evans intervenors contend that Defendant agreed that all its employees would be covered by that settlement. A second group, the Chastain/Ratner intervenors, seek intervention to enforce a different private settlement (the *Kaplan-Barton* settlement), dealing with regular rate of pay and suffer and permit time violations, and a so-called "non-plaintiff agreement" under which that settlement is allegedly to apply to all of Defendant's employees. The third group, the National Association of Letter Carriers and three of its members, seek intervention on the basis that the Secretary does not adequately protect their interests and to assert alleged violations that he has not raised in his complaint. The Secretary does not oppose intervention, arguing that in the circumstances of this case, where the Secretary is suing another government agency, intervention should be allowed to avoid any appearance of less than arm's length dealing. Defendant opposes the motions on a number of grounds. In light of the Court's analysis of Section 16(c), it need not consider all of Defendant's arguments against intervention.

The threshold inquiry is whether Section 16(c) itself bars any intervention by private parties in a suit brought under that section by the Secretary of Labor. Although there is precedent concerning another section of this Act, *Usery v. Board of Public Education*, 418 F.Supp. 1037 (W.D.Pa.1976) (Section 17); *Equal Employment Opportunity Commission v. American Telephone & Telegraph Co.*, 365 F.Supp. 1105 (E.D.Pa.1973), *aff'd on other grounds*, 506 F.2d 735 (3rd Cir. 1974) (Section 17), and concerning similar enforcement schemes contained in other statutes, no prior holding deals specifically with this issue in the context of Section 16(c).

Section 16 provides for both private actions and actions by the Secretary to remedy violations of the statute's provisions. Under Section 16(b), employees may sue to recover, from an employer violating Section 6 or Section 7 of the Act, any unpaid minimum wages or unpaid overtime compensation plus an equal amount of liquidated damages. Section 16(c) empowers the Secretary to bring a suit for the same relief. That section also provides:

> The right provided by subsection (b) of this section to bring an action by or on behalf of any employee to recover the liability specified in the first sentence of such subsection and of any employee to become a party plaintiff to any such action shall terminate upon the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation . . . unless such action is dismissed without prejudice on motion of the Secretary.

The statutory language indicates that employees possess no right to intervene in a suit brought by the Secretary. Section 16(c) provides that the Secretary's suit extinguishes the right of any employee to become a party plaintiff to any action for recovery of unpaid minimum wages or unpaid overtime compensation. Although Congress did not explicitly mention suits by the Secretary, the statute intends that an employee cannot become a party in any capacity subsequent to the Secretary's filing of a complaint. To allow employees to intervene in the Secretary's suit would entail the intervenors becoming parties plaintiff. That is prescribed by the Act's terms. *See Usery v. Board of Public Education*, *supra*, 418 F.Supp. at 1039 (Secretary's suit filed under Section 17).

Intervenors rely principally on *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972) and *Hodgson v. United Mine Workers of America*, 153 U.S.App.D.C. 407, 473 F.2d 118 (D.C.Cir.1972). In those cases, employ-

ees were permitted to intervene in suits by the Secretary under various provisions of the Labor Management Reporting and Disclosure Act (LMRDA). *Trbovich* was a suit by the Secretary to challenge a union election that had already been conducted. Although Title IV of the LMRDA gives the Secretary the exclusive authority to bring such a suit, 29 U.S.C. § 483, the Supreme Court held that the statute did not bar intervention by the employee who had originally complained to the Secretary so long as the intervention was limited to the claims of illegality raised by the Secretary. In *Hodgson*, the Secretary had sued to challenge illegal trusteeships under Title III of the LMRDA, 29 U.S.C. § 461, *et seq.* That title provides for private actions when the Secretary has not brought an action himself. Once the Secretary does so, the District Court in which he has filed has exclusive jurisdiction over the matter. In that case, the Court of Appeals for this Circuit allowed intervention. Both *Trbovich* and *Hodgson* are, however, distinguishable from this case.

*Trbovich* and *Hodgson* both indicate that the Court must look closely not only at the statute's language, but also at its purpose and legislative history to determine whether a right to intervene exists. An examination of the purpose and legislative history of Section 16(c) supports the Court's conclusion from the statutory language itself that intervention by private parties into the Secretary's suit is barred.

Although the statutory scheme at issue in *Trbovich* made the Secretary's suit the exclusive remedy, it did not deal with the question of private intervention into that suit. Section 16(c), in contrast, specifically extinguishes the right of an employee to become a party plaintiff after the Secretary has filed suit. *See Usery, supra*, 418 F.Supp. at 1040. This evinces a Congressional intent that an employee not be permitted to become a party plaintiff in any suit, including that filed by the Secretary, after the Secretary has filed his complaint. The legislative history buttresses that conclusion. Prior to 1974, Section 16(c) empowered the Secretary to bring an action

only after a written request had been filed by an employee claiming entitlement under the Act to unpaid minimum wages or overtime compensation. The consent of any employee to the bringing of such an action by the Secretary, unless such action was dismissed without prejudice on the motion of the Secretary, constituted a waiver of the employee's own right to sue under Section 16(b). In 1974, Section 16(c) was amended to provide that the Secretary's suit itself acted to extinguish all private rights to both sue under Section 16(b) and "become a party plaintiff to any such action." Congress intended then to move from a situation where the Secretary's suit alone did not bar private action to one where it acted to extinguish private rights.

The House Report accompanying its version of the 1974 amendment provides an additional indication of Congressional intent to foreclose all private action subsequent to the Secretary's filing. The House Report indicates that, in employing the phrase "any such action," Congress intended to preclude employees from becoming parties plaintiff in all suits to recover unpaid minimum wages and overtime compensation, not simply to preclude intervention in private suits. "Any such action" includes a suit filed by the Secretary under 16(c). The House Report states that the section:

> [a]uthorizes the Secretary to sue for back wages . . . but also to sue for an equal amount of liquidated damages without requiring a written request from the employee. . . . In the event the Secretary brings such an action, the right of an employee provided by section 16(b) of the act to bring an action on behalf of himself, or to become party to such an action would terminate, unless such action is dismissed without prejudice, on motion by the Secretary. H.R.Rep.No. 913, 93d Cong., 2d Sess. 15 (1974), U.S. Code Cong. & Admin.News pp. 2811, 2825.

*See also Id.* at 2859; S.Rep.No.690, 93d Cong., 2d Sess. 67 (1974). Thus unlike the statutes at issue in *Trbovich* and *Hodgson*, in the case if Section 16(c), there is "evi-

dence reflecting a legislative purpose inimical to intervention by union members." *Hodgson, supra,* 153 U.S.App.D.C. at 417, 473 F.2d at 128. The Court concludes that private intervention into this action by the Secretary is barred by the terms of Section 16(c).

The Court notes further that the prospective intervenors all seek to assert claims going far beyond the matters raised in the Secretary's complaint. *Trbovich* itself allowed only "limited intervention." 404 U.S. at 539. Under Section 16(c), as under the statute at issue in *Trbovich* the Secretary exercises a screening function in determining which claims should be raised. Even absent the statutory bar to intervention, the rationale of *Trbovich* would bar the prospective intervenors from asserting their additional claims.*

Accordingly, it is by the Court this 26th day of June, 1979,

ORDERED, that the Motions of Emanuel T. Evans, et al., Marion Chastain, et al., and the National Association of Letter Carriers, et al., to intervene in this action be and hereby are DENIED.

---

* In any event, the Court notes that the Evans and Chastain/Ratner intervenors may have another avenue to obtain the relief they seek through either motions to enforce or motions to reopen the earlier private settlements.