**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

No. C84–187R.

United States District Court,
W.D. Washington.

May 23, 1985.

Michael Reiss, EEOC Seattle District Office, Seattle, Wash., for plaintiff.

Michael C. Hallerud, Corporate Labor Counsel, John F. Aslin, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendant.

## ORDER DENYING PILOTS' MOTION TO INTERVENE UNDER RULE 24 AND GRANTING LEAVE FOR LIMITED PARTICIPATION IN DISCOVERY AND TRIAL

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion to intervene. The Equal Employment Opportunity Commission (herein-after "EEOC") brought this action against the Boeing Company (hereinafter "Boeing"). The EEOC contends that Boeing's policy of removing pilots from their pilot positions at age sixty violates the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34 (1982). Sixteen former Boeing pilots (hereinafter "pilots")[1] move to intervene. Having considered the motion to intervene, all memoranda and affidavits filed in support of and in opposition to the motion, the files and records herein, together with the arguments of counsel, the court concludes that the pilots may not intervene under Rule 24. The court, exercising its inherent equitable authority, nevertheless grants the individual pilots limited rights to participate in this lawsuit so that the ends of justice may be served.[2]

Three pilots filed charges with the EEOC alleging age discrimination by Boeing. The EEOC investigation led to the present complaint. On stipulation of counsel, the court entered an order allowing Boeing to postpone its answer. No answer has been filed to date. Both Boeing and the EEOC have consistently represented that their delay is in large part due to cases pending before the Supreme Court which will at a minimum significantly influence each side's position on the merits. Meanwhile, settlement negotiations have been conducted.

The pilots allege that the EEOC has failed to keep them apprised of the progress of this lawsuit. They further complain of various difficulties in communicating with the EEOC: telephone calls have gone unanswered; promised conferences never materialized. As a result, the

---

1. Nine of the former pilots are listed in the EEOC's complaint. These are Messrs. DeSpenza, Everhart, Hanna, Hartz, Hiatt, H. Johnson, R. Johnson, Perry and Thometz. The remaining seven former pilots are presumably included in the EEOC's complaint as "other pilots to be named later." These are Messrs. Adams, Beard, Brinck, Burgess, Davey, Fortin and Gannet. All sixteen former pilots move to intervene through one counsel. EEOC represents that it will amend its complaint to expressly add the seven former pilots who are not presently listed in the complaint.

2. The status of these pilots might properly be termed *amicus curiae,* although the court contemplates a role for their counsel that exceeds the traditional briefing function of an *amicus.* There seems to be no apt label. The pilots are not intervenors. They will have a limited role in this suit. Their hybrid status falls somewhere between that of an *amicus* and an intervenor, both of which grew out of equity practice. The court has merely drawn from these traditions of equity to tailor a role that suits the parties's purposes without expanding the statutory limits on the court's subject-matter jurisdiction.

pilots have retained their own counsel and now move to intervene. The pilots seek to intervene as of right. *See* Fed.R.Civ.P. 24(a). In the alternative, they seek permissive intervention. *See* Fed.R.Civ.P. 24(b). Neither is appropriate in this case.

## I. INTERVENTION AS OF RIGHT UNDER RULE 24(a)

■ To intervene as of right, the pilots must meet four criteria.[3] First, their motion must be timely. Second, the pilots must have an interest in the subject of the action. Third, disposition of the action must threaten to practically impair their ability to protect that interest. Fourth, even if these three criteria are met, the pilots may only intervene if their interest is not adequately represented by the EEOC.

■ The parties do not dispute the timeliness of the pilots' motion to intervene. Boeing has not answered the EEOC complaint and discovery has not begun. The court therefore finds that the motion to intervene is timely. *See Petrol Stops Northwest v. Continental Oil Co.,* 647 F.2d 1005, 1009–10 (9th Cir.), *cert. denied, sub nom. Conoco, Inc. v. Petrol Stops Northwest,* 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 639 (1981). *Compare EEOC v. Eastern Air Lines, Inc.,* 97 F.R.D. 646 (S.D.Fla.1983), *appeal dismissed,* 736 F.2d 635 (11th Cir.1984).

■ Even though the motion is timely, the pilots do not have an interest in this case sufficient to create a right to intervene. The pilots, of course, have an interest in the outcome of the lawsuit. Their futures are clearly affected by this suit in a vital way. However, "interest," as used in Rule 24(a), is interpreted by the court to mean *legal* interest. The pilots lack such a legal interest.

The ADEA created the federal action for age discrimination. It also established an enforcement regime which authorizes EEOC actions and, in limited circumstances, private actions. Fatal to the pilots' motion to intervene is that their right to bring a private action expressly terminates when the EEOC files its complaint.

Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the [EEOC] to enforce the right of such employee under this chapter.

ADEA § 7(c)(1), 29 U.S.C. § 626(c)(1) (italics in original).

This ADEA provision is patterned after analogous sections of the Fair Labor Standards Act. *See* Fair Labor Standards Act §§ 16(b), 17, 29 U.S.C. §§ 216(b), 217. Indeed, the ADEA also expressly adopted these FSLA enforcement provisions. ADEA § 7(b), 29 U.S.C. § 626(b). The language of these FSLA sections and their legislative history indicate that intervention as party plaintiff is not permitted. *See* H.R.Rep. No. 913, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 2811, 2825; Conference Rep. No. 327, 87th Cong., 1st Sess. (1961), *reprinted in* 1961 U.S.Code Cong. & Ad. News 1620, 1706, 1713. *But see Usery v. Brandel,* 87 F.R.D. 670 (W.D.Mich.1980) (motion of individual sharecroppers to intervene as party defendants in FSLA minimum wage suit granted).

Unfortunately, the ADEA is not so explicit, and its legislative history is inconclusive. *See* ADEA § 7(c), 29 U.S.C. § 626(c); H.R.Rep. No. 805, 90th Cong., 1st Sess.

---

3. Rule 24(a) provides:
   Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
   Fed.R.Civ.P. 24(a). The pilots do not claim that any statute confers an unconditional right to intervene. Their claim is that they have an interest in this EEOC litigation sufficient to confer a right of intervention.

(1967), *reprinted in* 1967 U.S.Code Cong. & Ad.News 2213, 2218. Nevertheless, the incorporation of the FSLA enforcement provisions and the relevant case law has convinced the court that the pilots may not intervene as a matter of right in this EEOC action. Once the EEOC filed its complaint, the pilots' legal rights terminated. *See Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044, 1049 n. 6 (2d Cir.1982); *Reich v. Dow Badische Co.*, 575 F.2d 363, 367–68 (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). Thus, the pilots have no interest with which to support their intervention as party plaintiffs under Rule 24(a). *See Dilks v. Aloha Airlines, Inc.*, 642 F.2d 1155, 1157 (9th Cir.1981); *EEOC v. Consolidated Edison Co. of New York, Inc.*, 557 F.Supp. 468 (S.D.N.Y.1983). *But see EEOC v. Eastern Air Lines, Inc.*, 97 F.R.D. 646 (S.D.Fla. 1983), *appeal dismissed*, 736 F.2d 635 (11th Cir.1984) (in denying intervention, both district and circuit courts assumed that individual employees might be granted intervention in an EEOC suit; ADEA provisions not discussed). Nor could disposition of this lawsuit impair the pilots' legal interest because they have none. Their rights to bring private suits have terminated.[4]

■ Even if the individual pilots have an interest sufficient to permit intervention under Rule 24(a), the court cannot grant intervention if the EEOC adequately represents their interest. Fed.R.Civ.P. 24(a). The EEOC, statutorily charged with enforcing the ADEA, is presumed to adequately represent these pilots. *EEOC v. Consolidated Edison Co. of New York, Inc.*, 557 F.Supp. 468, 474 (S.D.N.Y.1983).

■ The pilots have not rebutted this presumption. They are undoubtedly frustrated with the EEOC and its failure to consult with them or keep them informed about the case. Yet the EEOC is pursuing this case. The perceived lack of vigor stems in large part from the EEOC's assessment of cases presently awaiting decision by the Supreme Court. *See Johnson v. Mayor of Baltimore*, 731 F.2d 209 (4th Cir.1984), *cert. granted*, —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985); *Criswell v. Western Airlines, Inc.*, 709 F.2d 544 (9th Cir.1983), *cert. granted*, —— U.S. ——, 105 S.Ct. 80, 83 L.Ed.2d 28 (1984). Even counsel for the pilots agrees that these cases will affect the present litigation. The court agrees with the EEOC's assessment of those pending cases. The EEOC's conduct in this case does not amount to inadequate representation. Quite to the contrary, the EEOC's handling of the case is rational and well within the parameters of its public duties. The pilots have an adequate representative in the EEOC. Their motion to intervene as of right must therefore be denied, even assuming they have an interest sufficient to support such intervention.

---

**4.** The pilots rely heavily on *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). That case is not on point. In *Trbovich*, the Supreme Court held that a union member who initiated a complaint to set aside a union election was entitled to intervene in the subsequent lawsuit filed by the Secretary of Labor. The statute in question there provides that the Secretary of Labor's suit is the "exclusive" post-election remedy. Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") § 403, 29 U.S.C. § 483. After a thorough review of the LMRDA's legislative history, the Court concluded that § 403 did not preclude intervention. *Trbovich*, 404 U.S. at 536–37, 92 S.Ct. at 635–36.

The present suit, brought under the ADEA, involves an entirely different enforcement mechanism. *See* ADEA § 7, 29 U.S.C. § 626. The ADEA incorporates the enforcement provisions of the FSLA. ADEA § 7(b), 29 U.S.C.

§ 626(b); FSLA §§ 16(b), 17, 29 U.S.C. §§ 216(b), 217. The legislative history of the FSLA demonstrates that no intervention rights were to survive an EEOC action. H.R.Rep. No. 913, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 2811, 2825; Conference Rep. No. 327, 87th Cong., 1st Sess. (1961), *reprinted in* 1961 U.S.Code Cong. & Ad. News 1706, 1713. *Trbovich* is not relevant to the claimed right of intervention under the ADEA or the FSLA. *See EEOC v. Consolidated Edison Co. of New York, Inc.*, 557 F.Supp. 468, 471–74 (S.D.N.Y.1983); *Marshall v. United States Postal Service*, 481 F.Supp. 179, 180–82 (D.D.C.1979); *Usery v. Board of Public Education*, 418 F.Supp. 1037, 1039–40 (W.D.Pa. 1976); *EEOC v. American Telephone and Telegraph Co.*, 365 F.Supp. 1105, 1127–28 (E.D. Pa.1973) *modified on another point*, 506 F.2d 735 (3d Cir.1974). The pilots have no right to intervene in this EEOC enforcement action.

## II. PERMISSIVE INTERVENTION UNDER RULE 24(b)

■ The pilots ask the court to allow permissive intervention. *See* Fed.R.Civ.P. 24(b). Permissive intervention is discretionary, but the pilots must first establish an independent basis for federal subject-matter jurisdiction over their claims. *See Blake v. Pallan,* 554 F.2d 947 (9th Cir. 1977). *See also Gebhard v. GAF Corp.,* 59 F.R.D. 504, 507–08 (D.D.C.1973); *Burney v. North American Rockwell Corp.,* 302 F.Supp. 86, 92–93 (C.D.Cal.1969); *Durkin v. Pet Milk Co.,* 14 F.R.D. 374, 379–80 (W.D.Ark.1953).

The pilots have not presented the court with any independent basis for jurisdiction. Instead, they cite ADEA § 7, 29 U.S.C. § 626, the very statute which terminates their right to assert their claim. They also cite general jurisdictional statutes, 28 U.S.C. §§ 1331, 1337, and 1343 (1982), none of which grant substantive rights. Absent a jurisdictional basis, the court may not allow the pilots to intervene under Rule 24(b).[5]

## III. LEAVE FOR LIMITED PARTICIPATION

■ Despite the unavailability of formal intervention under Rule 24, the court is convinced that the interests of justice are best served by allowing counsel for the pilots a role in this litigation. Counsel has extensive experience and expertise in matters of this sort. The EEOC does not oppose his limited participation.[6] Exercising its equity powers, then, the court will allow the pilots to participate in various aspects of discovery and trial. The court anticipates that such limited participation will enhance the parties' preparation for trial and facilitate communication between the EEOC and the pilots.

NOW, THEREFORE, IT IS ORDERED as follows:

1. The motion of the pilots to intervene under Rule 24 is hereby DENIED.

2. The pilots are hereby GRANTED leave to participate in this lawsuit, and it is ORDERED that:

a) The pilots, through their common counsel, are hereby deemed to be of record for the purpose of service of all pleadings by any party and for the purpose of scheduling of all hearings and depositions.

b) The EEOC shall consult with counsel for the pilots before finalizing any proposed settlement. The pilots shall not have the right to prevent the EEOC from settling this lawsuit, but this order shall not be construed to limit the rights of the pilots to argue the fairness of any proposed settlement prior to the entry of any final settlement.

c) The EEOC shall consult with counsel for the pilots concerning case progress, the parties' joint status report, motions and discovery matters.

d) The pilots shall not have the right to conduct discovery independently of the EEOC nor shall they have the right to file motions independently of the EEOC without first obtaining leave of the court.

e) Counsel for the individual pilots has the right to be present at all depositions and inquire of each deponent.

f) Counsel for the pilots may file separate briefs on all motions.

g) Counsel for the pilots shall have the right to participate at trial. The exact extent of such participation shall be determined by the court prior to the trial.

---

5. To allow permissive intervention when Congress has stripped the pilots of their right to become party plaintiffs presents problems of constitutional dimension. While this has often been recognized in diversity cases, the federal question jurisdiction of this court is no less subject to constitutional limitations. *See generally* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 24.18[4] at 24–206— –208 (2d ed. 1948 & Supp.1984–85).

6. Counsel for the EEOC represents that the Commission has not taken a formal position on the legality of private party intervention under ADEA § 7 after the EEOC has filed a suit. If the EEOC had taken a position, the court would give that interpretation of this statute deference.