**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARTIN J. WALSH, Secretary of
Labor, United States Department of
Labor,
*Plaintiff-Appellee*,

v.

ARIZONA LOGISTICS, INC., DBA
Diligent Delivery Systems, an
Arizona corporation; PARTS
AUTHORITY ARIZONA LLC, an
Arizona limited liability company,
*Defendants*,

and

LARRY BROWNE,
*Defendant-Appellant*.

No. 20-15765

D.C. No.
2:16-cv-04499-
DLR

OPINION

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted February 5, 2021
Phoenix, Arizona

Filed May 18, 2021

Before:  William A. Fletcher, Eric D. Miller, and
Danielle J. Hunsaker, Circuit Judges.

Opinion by Judge Hunsaker

---

## SUMMARY[*]

---

### Arbitration

The panel affirmed the district court's denial of an alleged employer's motion to compel arbitration, arising from the Secretary of Labor's Fair Labor Standards Act ("FLSA") enforcement action that sought relief on behalf of one party to a private arbitration agreement.

The panel held that although the Federal Arbitration Act favored arbitration agreements, the Supreme Court's decision in *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (holding that the FAA addresses enforceability only as to the *parties* to the arbitration agreement), dictated that the Secretary could not be compelled to arbitrate this case, even if the employees had agreed to arbitration. As in *Waffle House*, the remedial statute at issue here – Sections 16(c) & 17 of the FLSA – unambiguously authorized the Secretary to obtain monetary relief on behalf of specific aggrieved employees. There was nothing in either section suggesting that an arbitration agreement between the parties to the underlying employment relationship impacted the Secretary's enforcement power. Also, there was no dispute

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that, like the EEOC in *Waffle House*, the Secretary was not a party to the arbitration agreement between the alleged employer and the employee delivery drivers.

## COUNSEL

Christopher M. Mason (argued) and John J. Egbert, Jennings Strouss & Salmon PLC, Phoenix, Arizona; Kevin H. George, Kevin H. George & Associates PC, Houston, Texas; for Defendant-Appellant.

Shelley E. Trautman (argued), Attorney; Rachel Goldberg, Counsel for Appellate Litigation; Jennifer S. Brand, Associate Solicitor; Kate S. O'Scannlain, Solicitor of Labor; Office of the Solicitor, United States Department of Labor, Washington, D.C.; for Plaintiff-Appellee.

## OPINION

HUNSAKER, Circuit Judge:

The question before us is whether a private arbitration agreement binds the Secretary of Labor when bringing a Fair Labor Standards Act (FLSA) enforcement action that seeks relief on behalf of one party to the arbitration agreement against the other party to that agreement. We conclude that despite the Federal Arbitration Act's (FAA) policy favoring arbitration agreements, the Supreme Court's decision in *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002), requires us to answer this question in the negative. Therefore, we affirm the district court's denial of the alleged employer's motion to compel arbitration.

## I.  BACKGROUND

The Department of Labor brought an enforcement against Larry Browne and his companies Arizona Logistics Inc., d/b/a Diligent Delivery Systems, and Parts Authority Arizona LLC. Only Browne is party to this appeal. The Secretary alleged that Browne and his entities violated the FLSA's minimum wage, overtime, record-keeping, and anti-retaliation requirements by misclassifying delivery drivers as independent contractors rather than employees.[1] Browne moved to compel arbitration of the Secretary's enforcement action based on arbitration agreements that he and his entities entered into with the delivery drivers. The district court denied Browne's motion, concluding that the Secretary cannot be compelled to arbitrate based on the Supreme Court's decision in *Waffle House.* Browne timely appealed, and we have jurisdiction under 9 U.S.C. § 16(a)(1)(C).

## II.  DISCUSSION

We review the denial of a motion to compel arbitration de novo. *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 824 (9th Cir. 2019).

Parties who agree to resolve their disputes through arbitration can be compelled to follow through with that agreement. The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. But the FAA addresses

---

[1] "Employment contracts, e*xcept for those covering workers engaged in transportation*, are covered by the FAA." *Waffle House*, 534 U.S. at 289 (emphasis added). Whether this exception to the FAA applies in this case was not raised on appeal, and we express no view on this issue.

enforceability only as to the *parties* to the arbitration agreement. *Waffle House*, 534 U.S. at 289. It does not provide that agreements to arbitrate are enforceable against nonparties. And of particular importance here, it does not address whether a private agreement to arbitrate is enforceable against a government actor that brings an enforcement action to vindicate the rights of a party to the arbitration agreement. *Id.* The Supreme Court, however, directly addressed this issue in *Waffle House*.

In that case, the Equal Employment Opportunity Commission (EEOC) brought an enforcement action against Waffle House after it fired an employee who suffered a seizure at work. *Id.* at 283–84. The EEOC brought an anti-discrimination enforcement action on behalf of both the public interest and the terminated employee—who was not a party to the action—and sought injunctive relief and employee-specific monetary relief. *Id.* Waffle House moved to compel arbitration of the EEOC's enforcement action because it had an arbitration agreement with the terminated employee who was the subject of the action. *Id.* at 284.

The Court ruled against Waffle House, holding that the EEOC could not be compelled to arbitrate. Construing the remedial statute at issue, the Court noted that the terminated employee had no authority to control the litigation even though the EEOC sought monetary relief on his behalf. *Id.* at 291. Rather, the EEOC was the "master of its own case," *id.*, and the statute "unambiguously authorize[d] [the EEOC] to proceed in a judicial forum," *id.* at 292. The Court further reiterated its oft-repeated direction that arbitration "is a matter of consent, not coercion." *Id.* at 294 (internal quotation marks and citation omitted). The EEOC was not party to Waffle House's arbitration agreement, and it was not bound by the agreement because the FAA "does not require

parties to arbitrate when they have not agreed to do so." *Id.* at 293 (internal quotation marks and citation omitted).

This same reasoning dictates that the Secretary cannot be compelled to arbitrate this case. As in *Waffle House*, the remedial statute at issue here unambiguously authorizes the Secretary to obtain monetary relief on behalf of specific aggrieved employees. Section 16(c) of the FLSA authorizes the Secretary to "bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages" for any party named in the complaint. 29 U.S.C. § 216(c); *Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1204 (5th Cir. 1981). Any money the Secretary recovers on behalf of a specific employee "shall be held in a special deposit account and shall be paid, on order of the Secretary of Labor, directly to the employee or employees affected." 29 U.S.C. § 216(c). Section 17 of the FLSA authorizes the Secretary "to seek broad injunctive relief as well as back wages for all affected employees."[2] *Donovan*, 643 F.2d at 1204; 29 U.S.C. § 217. Like the EEOC's scope of authority, the Secretary can seek relief under both sections, *see Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1033 n.11 (5th Cir. 1993), and there is nothing in either section suggesting that an arbitration agreement between the parties to the underlying employment relationship impacts the Secretary's enforcement power. *See Waffle House*, 534 U.S. at 288.

---

[2] In *Waffle House*, neither the majority nor the dissent questioned the EEOC's ability to seek broad-based injunctive relief in judicial proceedings despite the employee's arbitration agreement. 534 U.S. at 305 (Thomas, J., dissenting). And in this case, it appears that Browne contests only the Secretary's authority to seek monetary relief under Section 16(c). Thus, this case largely turns on Section 16(c).

Although the FAA establishes "a liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, (1983), it does not require arbitration beyond the terms agreed. *Waffle House, Inc.*, 534 U.S. at 289. To determine the reach of a particular agreement, we must look to its express terms. *Id.; see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("[The FAA] requires courts 'rigorously' to 'enforce arbitration agreements according to their terms.'" (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013))).

There is no dispute that, like the EEOC in *Waffle House*, the Secretary is not party to the arbitration agreement between Browne and his entities and the delivery drivers. Browne nonetheless argues the Secretary is required to arbitrate his claims for monetary relief because the delivery drivers are the intended beneficiaries, and, therefore, the Secretary is in privity with the delivery drivers. To support his argument, Browne notes that any sums recovered under Section 16(c) are secured "on behalf of" and paid "directly to the employee." This argument is not persuasive. Specifically, Browne's reliance on *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003), is misplaced. In that case*,* we held that *res judicata* barred the Secretary from recovering overtime compensation for an employee when "suing for employee-specific rights of precisely the sort [the individual employee] already pursued." *Id.* at 923. But we further explained that the Secretary would not have privity with an employee for *res judicata* purposes if, for example, the Secretary sought an injunction to "vindicate broader governmental interests[,]" not just to recover an employee's "individual economic loss." *Id.* Thus, it does not automatically follow that the Secretary shares the interests

required for privity with the employees on whose behalf the Secretary sues. *See id.*

In *Waffle House*, the Supreme Court recognized that the government can vindicate a public interest while also pursuing employee-specific relief. *See* 534 U.S. at 296. Although the Secretary, unlike the EEOC, may not recover punitive damages under Section 16(c), the Secretary may still have interests independent of the aggrieved employee when seeking employee-specific relief, including deterring other employers from violating the FLSA and protecting complying employers from unfair wage competition with noncomplying employers. Simply put, recovering monies owed to aggrieved individuals does not necessarily indicate that the Secretary is operating solely for the benefit of those individuals. *Id.* at 294–95.

Moreover, the Secretary's enforcement action, like the EEOC's enforcement action, is controlled by the Secretary—not the delivery drivers. *See Waffle House*, 534 U.S. at 291 ("If it were true that the EEOC could prosecute its claim only with [the employee's] consent, or if its prayer for relief could be dictated by [the employee], the [lower] court's analysis might be persuasive."). The Secretary does not need an employee's consent to bring an enforcement action. *See Reich v. Stewart*, 121 F.3d 400, 408 (8th Cir. 1997) (explaining an employee's consent is not required for the Secretary to bring a Section 16(c) action, as Congress deleted such requirement in 1974) (citing Pub. L. 93–259, § 26, 88 Stat. 73). And, once the Secretary files suit, not only does the employee's right to sue terminate, but the employee cannot intervene in the Secretary's action. 29 U.S.C. § 216(c) ("The right . . . to become a party plaintiff to any such action[] shall terminate upon the filing of a complaint by the Secretary . . . ."); *see also Marshall v.*

*U.S. Postal Serv.*, 481 F. Supp. 179, 180 (D.D.C. 1979) ("The statutory language indicates that employees possess no right to intervene in a suit brought by the Secretary."); *Usery v. Bd. of Pub. Educ., Sch. Dist. of Pittsburgh*, 418 F. Supp. 1037, 1038 (W.D. Pa. 1976) ("The plain meaning of this language is that the employee cannot become a party in any capacity, including that of an intervenor, once the Secretary has filed suit.").

Browne contends that *Waffle House* is distinguishable because it is based on the distinct rights and responsibilities of the EEOC, which the Secretary does not share. Of course, there are differences between the two agencies, including differences in their respective enforcement rights. For example, under the Americans with Disabilities Act and Title VII, an employee must file a discrimination charge with the EEOC before filing suit, and the EEOC has exclusive jurisdiction over the charge for 180 days. *See Waffle House*, 534 U.S. at 291 (citing 42 U.S.C. § 2000e–5(f)(1)). Under the FLSA, an employee can file a complaint with the Secretary, but she can also proceed straight to filing suit in federal court. *See* 29 U.S.C. § 216(b). We find this an immaterial distinction for the question we must answer, however, because once the Secretary decides to sue (whether before or after an employee files suit), the Secretary, like the EEOC, is in "command of the process." *See Waffle House*, 534 U.S. at 291. The Secretary controls both the litigation strategy and disposition of any recovery obtained for the employee. 29 U.S.C. § 216(c). Under these circumstances, we see no meaningful way to distinguish *Waffle House*. *See Am. Airlines, Inc. v. Mawhinney*, 904 F.3d 1114, 1120 (9th Cir. 2018).

## III. CONCLUSION

Because the Secretary, not the employees on whose behalf relief is sought, has authority to direct an FLSA enforcement action, the Secretary cannot be compelled to arbitrate, even if the employees have agreed to arbitration. "To hold otherwise would undermine the detailed enforcement scheme created by Congress simply to give greater effect to an agreement between private parties that does not even contemplate the [Secretary's] statutory function." *Waffle House*, 534 U.S. at 296.

**AFFIRMED**.