Filed 8/5/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CISCO SYSTEMS, INC., et al.,<br><br>Defendants and Appellants. | H048910<br>(Santa Clara County<br>Super. Ct. No. 20-CV-372366) |

The issue in this case is whether the Department of Fair Employment and Housing can be compelled to arbitrate an employment discrimination lawsuit when the affected employee agreed to resolve disputes with the employer through arbitration. We conclude the Department cannot be required to arbitrate in that situation because it did not agree to do so. We will therefore affirm the denial of the employer's motion to compel arbitration.

## I. BACKGROUND

Cisco Systems, Inc. hired John Doe in September 2015 to work as an engineer. (John Doe is a fictitious name used in the trial court proceedings to protect the employee's privacy.) Doe was required to sign an arbitration agreement as a condition of his employment. Under the agreement, Cisco and Doe must arbitrate "all disputes or claims arising from or relating to" Doe's employment, including claims of discrimination, retaliation, and harassment.

Several years after signing the agreement, Doe filed a complaint with the California Department of Fair Employment and Housing, the administrative agency

responsible for enforcing state employment discrimination laws. The Department of Fair Employment and Housing investigates violations of the California Fair Employment and Housing Act ("FEHA"; Gov. Code, § 12900 et seq.; unspecified statutory references are to this code). When it receives a complaint of employment discrimination, the Department has authority to issue subpoenas, take depositions, and propound written interrogatories. (§§ 12963.1, 12963.2, 12963.3.) If it determines the complaint has merit, the Department must try to informally resolve it with the employer by "conference, conciliation, and persuasion." (§ 12963.7.)

If the matter is not resolved informally, the Department can decline to pursue it further and instead issue a right to sue notice to the complainant, which allows the employee to file a lawsuit against the employer. (§ 12965, subd. (c)(1)(A).) Or the Department can itself sue the employer for violating FEHA. (§ 12965, subd. (a)(1).) The affected employee has the right to participate as a plaintiff in a suit by the Department but is not required to do so. (§ 12965, subd. (a)(3).)

Doe's complaint to the Department alleged Cisco discriminated against him because of ancestry or race. He reported that two supervisors denied him opportunities and disparaged him because, under the traditional caste system of India, he is from the lowest caste and they are from the highest. Doe also accused Cisco of retaliating when he complained about being treated unfavorably because of his caste.

The Department notified Cisco of Doe's complaint, investigated it, and decided it had merit. Attempts at informal resolution were unsuccessful. The Department then filed a lawsuit in Santa Clara County Superior Court against Cisco and the two supervisors. Doe is not a party to the suit.

The Department's complaint contains five causes of action alleging multiple violations of FEHA. It seeks a permanent injunction preventing Cisco from committing further violations, and mandatory injunctive relief requiring Cisco to institute policies to prevent employment discrimination. The complaint requests an order that Cisco

2

compensate Doe for past and future economic losses. It also seeks punitive damages and any further relief the trial court decides is in the public interest.

Cisco moved to compel the Department to proceed only by arbitration based on the arbitration agreement Doe signed. The trial court denied the motion.

## II. DISCUSSION

Cisco contends the Department is bound by Doe's arbitration agreement and that the trial court therefore should have granted the motion to compel arbitration. Whether an arbitration agreement binds a third party is a legal question we review de novo. (*Benaroya v. Willis* (2018) 23 Cal.App.5th 462, 468.)

An arbitration agreement is a contract in which the parties agree to give up the right to take disputes to court in exchange for receiving a generally faster and less costly decision from an agreed-upon arbitrator. Issues regarding formation of an arbitration agreement are governed by state law principles applicable to contracts generally. (*Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 980.)

Fundamental to any contract is mutual consent. A contract cannot exist unless both parties have agreed to the same thing. (Civ. Code, § 1550; see also *Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 811.) As a result, parties cannot be compelled to arbitrate a dispute they have not agreed to resolve that way. (*County of Contra Costa v. Kaiser Foundation Health Plan, Inc.* (1996) 47 Cal.App.4th 237, 245; see also, *Benasra v. Marciano* (2001) 92 Cal.App.4th 987, 990 [strong public policy in favor of arbitration does not extend to those who are not parties to arbitration agreement].)

The Department never consented to resolve disputes with Cisco by arbitration, so it ordinarily cannot be compelled to arbitrate those disputes. However we acknowledge that arbitration agreements can be enforced against third parties in certain situations. (*Cohen v. TNP 2008 Participating Notes Program, LLC* (2019) 31 Cal.App.5th 840, 859.) Nonsignatories have been bound by arbitration agreements when the nonsignatory

assumed the obligations of the party who signed the agreement; when an agency relationship exists between the nonsignatory and the signer; and when the nonsignatory is the alter ego of the signer. (*Ibid.*, citing *Benaroya v. Willis* (2018) 23 Cal.App.5th 462, 468.) Cisco's theory is along those lines: that the Department is bound by the arbitration agreement because it is Doe's proxy in this action and is not acting independently.

The plain language of the Government Code sections giving the Department authority to enforce employment discrimination laws indicates otherwise. The Department is authorized "to bring civil actions pursuant to section 12965" and "to prosecute those civil actions before state and federal trial courts." (§ 12930, subd. (h).) Under section 12965, subdivision (a)(1), "the director in the director's discretion may bring a civil action in the name of the department on behalf of the person claiming to be aggrieved." With those provisions, the Legislature gave the Department the ability to sue an employer directly for violating FEHA.

Some regulatory laws can be enforced only by the state, precluding private parties from suing for violations. (*Lu v. Hawaiian Gardens Casino, Inc.* (2010) 50 Cal.4th 592, 596.) But in the area of employment discrimination, the Legislature has allowed both for affected employees to enforce the law (after exhausting the administrative remedies provided for by FEHA), and for an administrative agency—the Department of Fair Employment and Housing—to do so as well. That structure promotes robust enforcement and advances the Legislature's stated aim of providing "effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons." (§ 12920.5.)

As the public arm of the enforcement procedure, the Department acts independently when it sues for FEHA violations.[1] Were it merely a proxy, the employee

---

[1] After oral argument in this matter, the Legislature amended FEHA to clarify the Department's role in pursuing litigation on behalf of the public. (See Assem. Bill No. 2662, effective June 21, 2022, adding Gov. Code, § 12930, subd. (o) ["By

4

would decide whether to bring an action, and the Department would be limited to pursuing only the relief that could be obtained by the employee.  But under the relevant legislation, the Department has discretion to decide whether to file suit (§ 12965, subd. (a)(1)), and it can seek remedies beyond those available in a suit brought by an employee (§ 12965, subd. (c) [providing, as an example of such additional relief, an order that the employer conduct training for all employees on FEHA requirements]).  (See also, *Department of Fair Employment and Housing v. Superior Court* (2020) 54 Cal.App.5th 356, 373 [the Department acts as a public prosecutor when it pursues litigation and can seek remedies to vindicate the public interest in preventing discrimination].)  The ability to decide whether to file an action and the ability to pursue relief separate from what can be obtained by an employee confirm that the Department operates as an independent party in an enforcement lawsuit.  (See *EEOC v. Waffle House, Inc.* (2002) 534 U.S. 279, 291 [The EEOC, the Department's federal counterpart, is not bound by employee arbitration agreements because it has the ability determine whether to file suit and what relief to pursue.].)  Although the affected employee is not a party in this case, the right of an employee to join as a plaintiff in an action brought by the Department also supports this view.  (§ 12965, subd. (a)(3).)  An employee joining a suit by the Department is entitled to separate counsel.  (*Ibid*.)  We do not see how the

---

performing the functions and duties and exercising the powers set forth in this part, the department represents the interests of the state and effectuates the declared public policy of the state to protect and safeguard the rights and opportunities of all persons from unlawful discrimination and other violations of this part.  This subdivision is declarative of existing law as stated in *Department of Fair Employment and Housing v. Cathy's Creations, Inc.* (2020) 54 Cal.App.5th 404, 410."]; and amending § 12965, subd. (a) and § 12981, subd. (a) to add language indicating that when the Department brings a civil action it is "acting in the public interest.")  Our decision is based on the statute as it existed at the time the arbitration agreement in question was formed and at the time this action was filed.  We note the statutory amendments do not alter our conclusion; indeed, the new language supports the result we reach here.

Department could be a proxy for an employee when the law contemplates that both the Department and the employee can be plaintiffs, each represented by separate counsel.

Cisco seizes on statutory language providing that the Department files suit "on behalf of the person claiming to be aggrieved" (§ 12965, subd. (a)(1)) and in such an action "the person claiming to be aggrieved shall be the real party in interest" (§ 12965, subd. (a)(3)). Cisco argues those provisions mean that only the employee has an interest in the suit, not the Department. Indeed, the Department brings an action on behalf of an affected employee because at least some of the remedies sought are for the employee. That makes the employee a real party in interest, but it does not undermine or conflict with the Department having an independent interest in FEHA enforcement.

A real party in interest has a substantial interest in the subject matter of the action and stands to benefit from or be injured by a judgment. (*Cohen v. TNP 2008 Participating Notes Program, LLC, supra*, 31 Cal.App.5th 840, 859.) All real parties in interest are bound by the judgment in the action. (*Wolford v. Thomas* (1987) 190 Cal.App.3d 347, 357.) Ensuring the employee is bound by the judgment, favorable or unfavorable, protects employers from successive litigation. (See *Redevelopment Agency of San Diego v. San Diego Gas & Electric Co.* (2003) 111 Cal.App.4th 912, 920–921 [statutes limiting standing to real parties in interest prevent duplicative claims on the same demand]; see also Code Civ. Proc. § 367 ["Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute."].)

In section 12965, the Legislature has allowed the Department to sue for violations and seek various remedies, even though the affected employee is the real party in interest. Nothing in section 12965 eliminates the broader state interest in litigating the suit to protect the public from unlawful discriminatory practices. Cisco asserts that the Legislature's purpose was merely to require the Department to provide legal representation to employees in FEHA suits. Cisco bases the argument on the legislative history of a 1992 amendment to section 12965 (which implemented an administrative

adjudication procedure that the Legislature has since eliminated).[2]  The former administrative hearing process applied where damages could be awarded against employers, but also allowed employers to opt out, in which case the Department could file suit to resolve the claims.  Although later amendments eliminated the administrative hearing procedure, some language relating to Department actions filed after an employer has opted out remains in the current statute:  in such an action the employee "shall be the real party in interest and shall have the right to participate as a party and be represented by that person's own counsel." (§ 12965, subd. (a)(3).)  Citing excerpts from the 1992 legislative history, Cisco argues section 12965 was never intended to allow the Department to independently bring a civil action; rather, it was intended only to require the Department to provide "legal assistance" to employees when an employer opted out of administrative proceedings.

We reject Cisco's legislative history argument for three reasons.  First, the statutory language authorizing the Department to "bring a civil action in the name of the department on behalf of the person claiming to be aggrieved," is sufficiently clear in describing an independent action.  Legislative history is properly considered only where the plain statutory language is unclear or where the literal meaning of a statute is at odds with its clear purpose.  (See *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745, 755.)  Second, the words of the statute—authorizing the Department to bring a civil action—are directly contrary to the meaning urged by Cisco (which would limit the Department's role to providing legal counsel to employees).  (*Ibid.* ["Legislative history, even when appropriately considered, cannot be used to contradict language that the Legislature decided to include in the statute."].)  Using legislative history to alter the meaning of the text would be particularly inappropriate here where the legislative history relates to a former version of the statute.  And third, the documents Cisco relies on show

---

[2] We grant Cisco's request that we take judicial notice of the legislative history.

7

only the subjective motivation of the bill's author, rather than the Legislature as a whole. Materials that reflect the understanding of an individual legislator, even the bill's author, are generally not considered in ascertaining the meaning of a statute as they do not demonstrate the Legislature's *collective* intent. (*Metropolitan Water District of Southern California v. Imperial Irrigation Dist.* (2000) 80 Cal.App.4th 1403, 1426.)

Cisco compares the text authorizing the Department to bring an action for employment discrimination under section 12965 with FEHA provisions allowing the Department to sue in other contexts. In Cisco's view, that comparison reflects legislative intent to allow an independent action by the Department in the other contexts but not for individual complaints of employment discrimination. Cisco points to section 12981, relating to housing discrimination, which expressly acknowledges the ability of the Attorney General to bring suit for housing discrimination and authorizes the Department to do so as well. But the lack of a similar reference to the Attorney General in section 12965 does not change the clear meaning of the language that the Department can "bring a civil action in the name of the department on behalf of the person claiming to be aggrieved" by employment discrimination. (§ 12965, subd. (a)(1).) Cisco also cites section 12974, which authorizes the Department to file an action seeking temporary injunctive relief to prevent employment discrimination while an administrative complaint process is pending. But we do not see how specifically allowing for provisional injunctive relief precludes or limits the filing of a later enforcement action if the matter is not resolved administratively. (*Department of Fair Employment and Housing v. Superior Court*, *supra*, 54 Cal.App.5th 356; 385.) Nothing in the other statutes Cisco references affects the dispositive point: the Department has authority to file a civil action to enforce employment discrimination laws. (See §§ 12930, subd. (h), and 12965, subd. (a)(1).)

Our conclusion is consistent with related authorities. In *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 99, fn. 6, the California Supreme Court decided that an employee's claim for employment discrimination in violation of

8

FEHA is not categorically exempt from arbitration. In dicta there, the Supreme Court stated, "Nothing in this opinion, however, should be interpreted as implying that an arbitration agreement can restrict an employee's resort to the Department of Fair Employment and Housing, the administrative agency charged with prosecuting complaints made under the FEHA, or that the department would be prevented from carrying out its statutory functions by an arbitration agreement to which it is not a party." (*Ibid.,* at p. 99, fn. 6.) Although whether the Department is bound by an employee's arbitration agreement was not decided in *Armendariz,* Supreme Court dicta "is not to be blithely ignored," and is typically followed by appellate courts. (*Bunch v. Coachella Valley Water Dist.* (1989) 214 Cal.App.3d 203, 212.)

Our conclusion reflects the view of the United States Supreme Court in *EEOC v. Waffle House, Inc.*, *supra*, 534 U.S. 279, 291, which held that the federal agency charged with enforcing employment discrimination laws is not bound by an employee's agreement to arbitrate. And very recently, the Supreme Court decided *Viking River Cruises, Inc. v. Moriana* (2022) ___ U.S ___ [2022 U.S. LEXIS 2940], a case involving an unrelated issue (whether California's rule invalidating waivers of representative claims under the Private Attorneys General Act is preempted by federal law). That decision reaffirmed, consistent with what we say here, that arbitration is a matter of consent and a party cannot be compelled to arbitrate absent a contractual basis for concluding the party agreed to do so. (*Viking River Cruises, Inc. v. Moriana,* at p. *6.).

Our reasoning also aligns with a decision from the Ninth Circuit Court of Appeals and cases from other states declining to require administrative enforcement agencies to arbitrate without their consent. (See *Walsh v. Arizona Logistics* (9th Cir. 2021) 998 F.3d 393 [federal Department of Labor not bound by employee's arbitration agreement]; *Joule, Inc. v. Simmons* (Mass. 2011) 459 Mass. 88, 97 [Massachusetts Supreme Court holding Massachusetts Commission Against Discrimination not bound by employee's arbitration agreement]; *Rent-A-Center, Inc. v. Iowa Civil Rights Commission*

9

(Iowa 2014) 843 N.W.2d 727, 741 [Iowa Supreme Court holding Iowa Civil Rights Commission not bound by employee's arbitration agreement].)

We note "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry," or other protected characteristics. (§ 12920.) To implement that policy, the Legislature created the Department and gave it broad powers to investigate employment discrimination complaints and bring civil actions against violators when necessary. The Department acts independently when it exercises the power to sue for FEHA violations. As an independent party, the Department cannot be compelled to arbitrate under an agreement it has not entered.

### III.  DISPOSITION

The order denying the motion to compel arbitration is affirmed. Costs are awarded to respondent by operation of rule 8.278(a)(1) of the California Rules of Court.

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Danner, J.

_____

Lie, J.

**H048910 -** *Department of Fair Employment and Housing v. Cisco Systems Inc. et al.*

| | |
|---|---|
| Trial Court | Santa Clara County Superior Court<br>Superior Court No. 20-CV-372366 |
| Trial Judge | Hon. Drew C. Takaichi |
| Counsel for Plaintiff and Respondent Department of Fair Employment and Housing | Sirithon Thanasombat<br>Melanie Lea Proctor<br>Janette L. Wipper<br>California Department of Fair Employment & Housing<br><br>Chaya M. Mandelbaum<br>Michelle G Lee<br>Rudy, Exelrod, Zieff & Lowe, LLP |
| Overview Party | Office of the Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102 |
| Counsel for Defendant and Appellant Cisco Systems, Inc. | Lynne C. Hermle<br>Joseph C. Liburt<br>Carolina Aicon Garcia<br>Orrick, Herrington & Sutcliffe<br><br>Rex Heinke<br>Jessica M. Weisel<br>California Appellate Law Group LLP |
| Counsel for Defendants and Appellants Ramana Kompella and Sundar Iyer | Alexander John Hernaez<br>Andrew Stephen Esler<br>Fox Rothschild LLP |